UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON ROBINSON,

       Plaintiff,

CASE No. 1:20-cv-449

v.

HON. ROBERT J. JONKER

KEVIN BREGE,

       Defendant.

_____/

**ORDER APPROVING AND ADOPTING**
**REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Berens' Report and Recommendation in this matter (ECF No. 36) and Defendant's Objection to the Report and Recommendation (ECF No. 36).[1] Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

---

[1] After the Report and Recommendation issued, Plaintiff filed a motion for an injunction and transfer order. (ECF No. 37). That motion remains pending before the Magistrate Judge.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendant's Objections.  After its review, the Court finds that Magistrate Judge Berens' Report and Recommendation is factually sound and legally correct.

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law.  The Magistrate Judge did not conclude that Plaintiff actually exhausted his claims, only that a reasonable fact-finder could so conclude based on the record presented in the original motion papers.  The Magistrate Judge was correct in that conclusion, based on the Court's de novo review.  The Court agrees with the Magistrate Judge's conclusion for the very reasons the Report and Recommendation delineates.

In his Objection, Defendant does not quibble with the Magistrate Judge's analysis of the record as it existed at the time of the Report and Recommendation.  Rather, after receiving the Report and Recommendation, Defendant attempted to support his position by filing an affidavit from MDOC's Manager of the Grievance Section in the Office of Legal Affairs.  The Court has discretion whether to consider the belatedly submitted information.  28 U.S.C. § 636(b)(1)(C) (the District Judge "may . . . receive further evidence.").  This discretion prevents sandbagging of the Magistrate Judge, while at the same time leaving the door open to plenary consideration of new information in appropriate cases.  *See Walker v. Berrien County Jail*, Case No. 1:18-cv-722, ECF No. 41 (W.D. Mich. Feb. 25, 2021) ("A party cannot sandbag the Court and an opposing party by submitting critical materials after the Magistrate Judge submits his or her Report and Recommendation.").  Here the information the manager described in the belated affidavit has been available to the Defendant all along, and the record discloses no good reason for the belated

submission.  Under these circumstances, the Court in its discretion declines to consider it.  Of course, at a bench trial on the exhaustion issue, Mr. Russell will be able to testify.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 36) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment on the basis of exhaustion (ECF No. 21) is **DENIED.**


Dated:   March 22, 2021                               /s/ Robert J. Jonker
                                                                         ROBERT J. JONKER
                                                                         CHIEF UNITED STATES DISTRICT JUDGE