UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON ROBINSON #858448,

    Plaintiff,                                       Hon. Robert J. Jonker

v.                                                       Case No. 1:20-cv-449

KEVIN BREGE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

The Court has before it Plaintiff's request for an injunction transferring him to another facility due to retaliation that he is experiencing at his current facility. (ECF No. 37.) Defendant has filed a response. (ECF No. 41.) Pursuant to 28 U.S.C. § 636(1)(B), I recommend that Plaintiff's motion for an injunction be **DENIED.**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, alleges that Defendant violated his Eighth Amendment rights while he was housed at the Earnest Brooks Correctional Facility (LRF) in Muskegon, Michigan, by taking away his crutches that he needed due to an ankle injury. Plaintiff further alleges that Defendant transferred him from LRF to another facility, which required Plaintiff to ride on a bus for several hours with shackles around his injured ankle and without his crutches.

In his instant motion, Plaintiff alleges that staff at his current facility are retaliating against him by, among other things, losing or misplacing his legal and non-legal mail and verbally abusing him on a daily basis. (ECF No. 37 at Page ID.204.) Plaintiff submits a Step I grievance response addressing his complaint that a corrections officer had Plaintiff sign for legal mail that Plaintiff

1

never received. (ECF No. 37-1.) The response states that Plaintiff's allegations were supported, and appropriate steps were taken to correct the issue.

In determining whether to grant injunctive relief, a court considers the following factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable injury if the court does not grant the injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000). These are factors to be balanced, not prerequisites to be met. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997)). Issuance of injunctive relief lies within the court's discretion. *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

Plaintiff's request is properly denied for several reasons. First, he has presented no evidence indicating that he is likely to prevail on the merits of his claim in this case. In fact, Plaintiff fails to address any of the above-cited factors. Second, even if Plaintiff had presented such evidence, he has an adequate remedy at law: he may file a lawsuit against the staff at his current facility for retaliation and seek an award of damages. Third, the public interest is not served by interference with the MDOC's day-to-day operations in the absence of a compelling reason warranting such relief. *See, e.g.*, *McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life. Where, as here, a state penal system is involved, federal courts have 'additional reason to accord deference to the appropriate prison authorities.'") (citation omitted).

Finally, the relief Plaintiff requests in his present motion is attenuated from the claims or wrongful conduct alleged in the instant case. A party seeking a preliminary injunction "'must

necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). Claims against non-defendants generally do not relate to issues raised in the complaint. *See, e.g.*, *Griffin v. Williams*, No. 1:CV-10-2472, 2011 WL 2600969, at *2 (M.D. Pa. June 29, 2011) (denying preliminary injunctive relief because, among other reasons, "Plaintiff's complaint that a non-Defendant broke his typewriter is not properly before the court because it is not related to the issues raised in the complaint"); *Hunter v. Jaboulian*, 2020 WL 2543529 (W.D. Mich. Apr. 21, 2020). Plaintiff's claims in this case concerns events that occurred in 2019 at LRF based on Defendant's conduct, while his instant motion is based on alleged retaliation by other MDOC employees at his current facility, Michigan Reformatory. While a preliminary injunction may be appropriate "'to grant intermediate relief of the same character as that which may be granted finally,' an injunction should not issue when 'it deals with a matter lying wholly outside the issues in the suit.'" *Dunbar v. Prelesnik*, 2015 WL 1393376 *4 (W.D. Mich. Mar. 25, 2015) (quoting *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945)). Even though he claims retaliation for suing MDOC, Plaintiff's request is insufficiently related to the instant case and appears unnecessary to protect Plaintiff during the pendency of this action.

In sum, consideration of the foregoing factors weighs heavily against Plaintiff's requested relief.

For the foregoing reasons, I recommend that the Court **deny** Plaintiff's motion for an injunction transferring him to another facility.

Dated: May 4, 2021   /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).